# United States District Court
## Southern District of Ohio at Cincinnati

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>**GLEN GALEMMO,** | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number: CR-1-13-141<br><br>USM Number: 72083-061<br><br>Benjamin G. Dusing, Esq.<br>Defendant's Attorney |

## THE DEFENDANT:

[✓] pleaded guilty to count(s): <u>One and Two of the Information with a forfeiture allegation</u>.
[ ] pleaded nolo contendere to counts(s) ___ which was accepted by the court.
[ ] was found guilty on count(s) ___ after a plea of not guilty.

The defendant is adjudicated guilty of these offense(s):

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. 1343 | Wire Fraud | July 17, 2013 | One |
| 18 U.S.C. 1956 | Money Laundering | May 1, 2012 | Two |

The defendant is sentenced as provided in pages 2 through _8_ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on counts(s) ___.

[ ] Count(s) ___ (is)(are) dismissed on the motion of the United States.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and the United States Attorney of material changes in the defendant's economic circumstances.

August 28, 2014
Date of Imposition of Judgment

Signature of Judicial Officer

**HERMAN J. WEBER**, United States Senior District Judge
Name & Title of Judicial Officer

September 2, 2014
Date

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of ONE HUNDRED EIGHTY-EIGHT (188) MONTHS on each of Count One and Two, to run concurrently.

[✔] The court makes the following recommendations to the Bureau of Prisons:
  The defendant be placed in the closest appropriate facility to Greenville, South Carolina.

[ ] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district.
  [ ] at ___ on ___.
  [ ] as notified by the United States Marshal.

[✔] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  [ ] before 2:00 p.m. on ___.
  [✔] as notified by the United States Marshal
  [ ] as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
  Deputy U.S. Marshal

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of THREE (3) YEARS on each of Counts One and Two, to run concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court.

[✔] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

[✔] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

[✔] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

[ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

[ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## SPECIAL CONDITIONS OF SUPERVISED RELEASE

1) the defendant shall not be employed directly or indirectly in the investment or securities fields;

2) the defendant shall cooperate with the Internal Revenue Service to file any delinquent income tax returns; and

3) the defendant shall make payments on the balance due on the criminal monetary penalties. The defendant shall provide the Probation Officer access to any requested financial records and shall not incur any new credit charges or open any additional lines of credit without approval of the Probation Officer.

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 200.00 | $ | $ 34,599,085.46 |

[ ]   The determination of the total amount of restitution is deferred until_. An amended Judgment in a Criminal Case (AO 245C) will be entered after such determination.

[✔]   The defendant must make restitution (including community restitution) to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment unless specified otherwise in the priority order of percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | *Total Loss | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| See Statement of Reasons pages 8 through 17 | $34,599,085.46 | $34,599,085.46 | |
| TOTALS: | $ 34,599,085.46 | $34,599,085.46 | |

[ ]   Restitution amount ordered pursuant to plea agreement $_____

[ ]   The defendant must pay interest on restitution and a fine of more than $2500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[✔]   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    [✔] The interest requirement is waived for the   [ ] fine   [✔] restitution.

    [ ] The interest requirement for the   [ ] fine   [ ] restitution is modified as follows:

---

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A [✓] Lump sum payment of $34,599,285.46 due immediately.

[] not later than or
[] in accordance with   [ ] C,   [ ] D,   [ ] E, or   ] F below; or

B [✓] Payment to begin immediately (may be combined with   [ ] C   [ ] D, or   [✓] F below); or

C [ ] Payment in equal installments of $ over a period of , to commence days after the date of this judgment; or

D [ ] Payment in equal installments of $ over a period of , to commence days after release from imprisonment to a term of supervision; or

E [ ] Payment during the term of supervised release will commence within (e.g., 30 or 60 days) after release from imprisonment. The Court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F [✓] Special instructions regarding the payment of criminal monetary penalties:

[✓] If the defendant, while incarcerated, is working in a non-UNICOR or grade 5 UNICOR job, the defendant shall pay $25.00 per quarter toward defendant's monetary obligation. If working in a grade 1-4 UNICOR job, defendant shall pay 50% of defendant's monthly pay toward defendant's monetary obligation. Any change in this schedule shall be made only by order of this Court.

[✓] After the defendant is released from imprisonment, and within 30 days of the commencement of the term of supervised release, the probation officer shall recommend a payment schedule to the Court to satisfy any unpaid balance of the monetary penalty. The Court will enter an order establishing a schedule of payments.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[] Joint and Several (Defendant and Co-Defendant names and Case Numbers, Total Amount, Joint and Several Amount and corresponding payee, if appropriate.):

[ ] The defendant shall pay the cost of prosecution.
[ ] The defendant shall pay the following court cost(s):

[✓]   The defendant shall forfeit the defendant's interest in the following property to the United States:

a.   Real property known and numbered as 2230 Park Avenue, Cincinnati, Hamilton County, Ohio 45206 with all appurtenances, improvements, and attachments thereon, further described as:

Situate in Section 7, Town 3, Fractional Range 2, Millcreek Township, City of Cincinnati, Hamilton County, Ohio; Being a part of Lot 3 of C.W. Starbuck's Subdivision of Lot 32 of James Kemper's Heirs Partition, as recorded in Plat Book 3, Page 121, of the Hamilton County, Ohio Records and all of Lot 5 of C. W. Starbuck's Subdivision per Administrators, as recorded in Plat Book 3, Page
267, of the Hamilton County, Ohio Recorders and being more particularly described as follows:
Beginning at a point of the east side of Park Avenue 371.13 feet South of Francis Lane, as

Payments shall be applied in the following order: (1) assessment; (2) restitution principal; (3) restitution interest; (4) fine principal; (5) fine interest; (6) community restitution; (7) penalties; and (8) costs, including cost of prosecution and court costs.

measured along said East line of Park Avenue, said point being also the Northwest corner of Lot 3 of C.W. Starbuck's Subdivision of Lot 32 of James Kemper's Heirs Partition; thence South 88° 33' East, along the North line of said Lot 3, a distance of 150.00 feet; thence South 1 7 ' West a distance of 157.92 feet to a point, said point being the Southeast corner, of Lot 5 of C.W. Starbuck's Subdivision per Administrators; thence North 88°33' West, along the south line of said Lot 5, a distance of 150.00 feet to a point in the east line of Park Avenue, said point being also the Southwest corner of said Lot 5; thence North 1°27' East, along the east line of Park Avenue, a distance of 157.92 feet to the place of beginning. Containing 23,688 square feet and being subject to all easements of record;

b. The Contents of US Bank Account x5618 in the name of Queen City Investment Fund II ("US Bank x5618") in the amount of Four Hundred Thirteen Dollars and Ninety-Eight Cents ($413.98);

c. The Contents of US Bank Account x8448, in the name of Queen City Holdings, LLC, ("US Bank x8448"), in the amount of Three Hundred Fifty-Two Dollars and Sixty- Four Cents ($352.64);

d. The Contents of US Bank Account x4670, in the name of QFC, LLC, ("US Bank x4670") in the amount of Four Hundred Twenty-four Thousand Two Hundred Thirty- eight Dollars and Three Cents ($424,238.03);

e. The Contents of Keybank Account x5922, in the name of Glen and Kristine Galemmo, ("Keybank x5922") in the amount of Thirty-Six Thousand Fifty-Nine Dollars and Twenty Cents ($36,059.20);

f. The Contents of Dorman Trading Account x633, in the name of QFC, LLC, ("Dorman x633") in the amount of Ten Thousand Seven Hundred Seventy-Two Dollars and Thirty-Six Cents ($10,772.36);

g. The Contents of Dorman Trading Account x695, in the name of QFC, LLC, ("Dorman x695") in the amount of Five Thousand Dollars ($5,000.00);

h. The Contents of Dorman Trading Account x696, in the name of QFC, LLC, ("Dorman x696") in the amount of One Hundred Ninety-Two Thousand Four Hundred Fifty Dollars and Twenty-Five Cents ($192,450.25);

i. The Contents of Interactive Brokers, LLC Account x016, in the name of QFC, LLC, ("Interactive x016") in the amount of Five Hundred Fourteen Thousand One Hundred Seventy-Six Dollars and Sixty-Five Cents ( $514,176.65);

J. The Contents of Interactive Brokers, LLC Account x438, in the name of QFC, LLC, ("Interactive x438") in the amount of One Thousand Seven Hundred Sixty Six Dollars and Thirty-Five Cents ($1,766.35);

k. Real property known and numbered as 1849 Madison Road, Cincinnati, Hamilton County, Ohio 45206 with all appurtenances, improvements, and attachments thereon, further described as:

Situated in the City of Cincinnati, County of Hamilton and State of Ohio, and being more particularly described as follows:

Being all that certain tract of land containing 455/1000 of an acre, in Section 2, Township 3, Fractional Range 2, Miami Purchase, fronting 100 feet on the southerly side of Madison Road and

extending back southwardly between parallel lines of equal length a distance of 200 feet, being the same width in rear as in front, adjoining and lying immediately eastwardly of the lot conveyed by the heirs of John Baker, deceased, to Charles Kruse, by deed dated January 2, 1892 recorded in Book 727 page 116 of the records of Hamilton County, Ohio, the Northwest corner of the lot herein conveyed being a point in the southerly line of Madison Road 353.38 feet eastwardly from the Southeast corner of the West arm of Keys Crescent (formerly Woodburn Crescent) and Madison Road, measured eastwardly along the South line of Madison Road;

l.  Real property known and numbered as 6000 Royal Marco Way, Unit 454, Marco Island, Florida 34145 with all appurtenances, improvements, and attachments thereon;

   The following described land, situated, and being in Collier County, Florida, to wit:
   Unit 454, Tower 3, Royal Marco Point III, a Condominium according to the
   Declaration of Condominium as recorded in O. R. Book
   1649, Page 885 of the Public Records of Collier County. Tax ID:

   71345500728;

m.  The Contents of Key Bank Account X5628 in the name of QC Power Strategies Fund, LLC ("Key Bank X5628") in the amount of Four Hundred Forty Thousand Three Hundred Seventy Dollars and Seventy-Eight Cents ($440,370.78);

n.  A 2007 GMC Yukon XL, VIN 1GKFK66897J236949, titled to Kristine Galemmo;

o.  A 2007 GMC Acadia, VIN 1GKER23787J159616, titled to Kristine Galemmo;

p.  A 2004 Nissan 350Z, VIN JN1AZ36A04M251517, titled to Jones-Morris Group, LLC;

q.  A 2012 Audi A8, VIN WAURVAFD1CN017564, titled to QFC. LLC;

r.  A 2013 Toyota Highlander, VIN 5TDDK3EH2DS194089, titled to Kristine Galemmo;

s.  The Contents of First Citizens Bank Account X1609 in the name of Kristine Galemmo in the amount of One Hundred Two Thousand Twenty-Six Dollars and Ninety-Two Cents ($102,026.92);

t.  The Contents of First Citizens Bank Account X3209 in the name of Kristine Galemmo in the amount of Twelve Thousand Three Dollars and Two Cents ($12,003.02);

u.  $2000 in funds held by Pensco Trust, resulting from check no. 2830 issued by QFC, LLC to Pensco Trust on June 13, 2013 (hereafter "PENSCO funds"); and

v.  Remaining account balances in various Key Bank Accounts, as set forth below (hereafter "Key Bank Funds"):

    a.  Key Bank Cashier's Check No. 400199478 in the amount of $947.60 made payable to "QC Power Strategies Fund Sweep;"

    b.  Key Bank Cashier's Check No. 400199482 in the amount of $921.57 made payable to "Jones Morris Group LLC;"

Payments shall be applied in the following order: (1) assessment; (2) restitution principal; (3) restitution interest; (4) fine principal; (5) fine interest; (6) community restitution; (7) penalties; and (8) costs, including cost of prosecution and court costs.

    c.    Key Bank Cashier's Check No. 400199479 in the amount of $6,354.64 made payable to "Sentinel Blackbox LLC;"

    d.    Key Bank Cashier's Check No. 400199481 in the amount of $386.11 made payable to "Sentinel Strategy Fund, LTD;" and

    e.    Key Bank Cashier's Check No. 400199480 in the amount of $231.57 made payable to "Sentinel Property Holdings LLC."

w. 45 units or shares of Rugged Power Investments, LLC ("RPI") currently issued to Kristine Galemmo;

x. all funds payable to Kristine Galemmo as distributions/profits related to shares held in Rugged Power Investments, LLC including $3,105,000 held in Rugged Power Investments, LLC's Fifth Third Bank Account X9306 and $416,250 held by the registry of United States District Court for the Southern District of Ohio Western Division (receipt nos. 1OOCIN022056 and 1OOCIN022057);

y. $250,000 that is currently held in the Rugged Power Investments, LLC's Fifth Third Bank Account X9306 that was QC Power Strategies Fund, LLC's (QC Power) initial collateral to PJM and that was returned to RPI in September 2013; and

z. All remaining funds held at PJM Settlement, Inc. or PJM Interconnection, LLC on behalf of QC Power ($50,158.02 plus any additional interest).

Payments shall be applied in the following order: (1) assessment; (2) restitution principal; (3) restitution interest; (4) fine principal; (5) fine interest; (6) community restitution; (7) penalties; and (8) costs, including cost of prosecution and court costs.